IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| POPULAR AUTO, INC.<br>Plaintiff<br>vs<br>M/V MAR, its engines, tackle, equipment and furnishings, etc., *in rem*; ERIC XAVIER CONDE-LESPIER, his wife JANE DOE and their conjugal partnership<br>Defendants | CIVIL 12-1367CCC |

**DEFAULT JUDGMENT**

Upon plaintiff's Motion Requesting Entry of Default (docket entries 14 and 35), and it appearing that the defendants Eric Xavier Conde-Lespier, his wife Natalia Guanipa-Sánchez and their conjugal partnership, and the *in rem* defendant M/V Mar were properly served but failed to appear (docket entries 11, 12 and 27), default was entered against them.  The record shows that plaintiff Popular Auto, Inc. is the holder of a Promissory Note ("the Note") in the amount of $106,801.33 with interest at the rate of 8.95% per annum, executed by the *in personam* defendants on March 27, 2009.  To secure her indebtedness, these defendants also executed a First Preferred Ship Mortgage over the vessel M/V Mar to secure all of the obligations evidenced by the Note, plus accrued finance charges.

Under the Note, said amount was payable in one initial installment of $1,226.76 which became due on May 4, 2009 and fifty-eight (58) successive monthly installments of $1,222.76 which became due on the same date of each month, thereafter, and a final payment of $76,431.39 to be due on the 60th month.

The terms of the Note show that it was executed for the purpose of securing not only the payment of $106,801.33, but also to secure all future advances made by Popular Auto, Inc. to defendants.  Furthermore, the Mortgage provided that in the event of default, Popular

CIVIL 12-1367CCC                                        2

Auto, Inc. had the right to declare the principal and all accrued interest due and payable forthwith.  The Note also provided that plaintiff had the right to gain possession over the vessel M/V Mar, wherever the same may be, and without being responsible for loss, damage or bond of any kind.  Popular Auto, Inc. may charter, operate or otherwise use the vessel for such time and on such terms as Popular Auto, Inc. may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at defendant's premises or elsewere at defendant's expense; and/or sell the vessel, free from any claim of any nature whatsoever, in the manner provided by law.

The record further shows that on or about November 12, 2011, the *in personam* defendants defaulted on their mortgage by failing to pay under the terms of the Note.  As of December 10, 2012, they owed the plaintiff the principal sum of $88,822.77, interest in the amount of $13,748.04, which continues to accumulate $22.08 per diem, and late charges amounting to $1,711.92.

The contracting parties may make an agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order.  Article 1207. Civil Code of Puerto Rico, 31 L.P.R.A. § 3372.  The validity and fulfillment of contracts cannot be left to the will of one of the contracting parties. Article 1208, Civil Code of Puerto Rico, 31 L.P.R.A. § 3373.  Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law.  Article 1210, Civil Code of Puerto Rico, 31 L.P.R.A. § 3375.  Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations. Article 1044, Civil Code of Puerto Rico, 31 L.P.R.A. § 2994.  If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.  If the words should appear contrary to the

CIVIL 12-1367CCC                              3

evident intention of the contracting parties, the intention shall prevail.  Article 1233, Civil Code of Puerto Rico, 31 L.P.R.A. § 3471.  Proof of obligations devolves upon the persons claiming their fulfillment, and that of their extinction upon those opposing it.  Article 1168, Civil Code of Puerto Rico, 31 L.P.R.A. § 3261.

It appearing that defendants have defaulted on their mortgage obligations and breached the clear terms of the Note, it is ORDERED and ADJUDGED that:

Plaintiff Popular Auto, Inc. is to recover from the *in personam* defendants Eric Xavier Conde-Lespier, his wife Natalia Guanipa-Sánchez and their conjugal partnership, the amount of $88,822.77, interest as of December 10, 2012 in the amount of $13,748.04, which continues to accumulate in the amount of $22.08 per diem, plus late charges in the amount of $1,711.04 until judgment is final and thereafter at the rate provided in 28 U.S.C. § 1961 until final payment.  As, under the terms of the Note, defendants agreed to pay Popular Auto, Inc. attorney's fees equal to fifteen percent (15%) of the principal hereof, the Court also awards plaintiff the amount of $13,323.42 for attorney's fees.

It further appearing from the record that the M/V Mar has not been claimed by any other party, and all other requirements of law having been met, the plaintiff is entitled to a default judgment against the *in rem* defendant for the amount stated herein and entitled to the proceeds from the sale of the M/V Mar.  Plaintiff may seek any further remedies, as may be needed, relating to the *in rem* remedy herein granted.

SO ORDERED, ADJUDGED AND DECREED.

At San Juan, Puerto Rico, on December 21, 2012.


                                                                S/CARMEN CONSUELO CEREZO
                                                                United States District Judge